**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**GLOBAL IMAGING ACQUISITIONS
GROUP, LLC,**
        **Plaintiff,**
  v.
                                              **Case No. 14-C-0635**

**KEITH RUBENSTEIN, et al.,**
        **Defendants.**

---

### DECISION AND ORDER

In this decision and order, I address a motion to dismiss the first amended complaint filed by two defendants identified in that complaint as Redstone Healthcare, LLC. The motion is filed under Federal Rule of Civil Procedure 12(b)(6). For purposes of deciding the motion, I accept the allegations of the amended complaint as true and draw all possible inferences in the plaintiff's favor. See, e.g., Foxxxy Ladyz Adult World, Inc. v. Vill. of Dix. Ill., 779 F.3d 706, 711 (7th Cir. 2015).

In April 2014, the plaintiff, Global Imaging Acquisition Group, LLC ("Global"), purchased the assets of two entities that I will refer to collectively as "Med Pro," while Med Pro was in receivership. Global is, and Med Pro was, in the business of repairing and refurbishing probes used in medical-imaging equipment, mainly ultrasound machines, and selling refurbished medical-imaging equipment. One of the defendants, Keith Rubenstein, was a 50% owner of Med Pro and an employee of the company. Two other defendants, Maxwell Steiner and Jonathan Van Kleeck, were also Med Pro employees.

After leaving Med Pro, Rubenstein became part owner of a competing company, Redstone Healthcare, LLC, which is a Delaware limited liability company.[1] The other owners of Redstone, who are named as defendants in the amended complaint, are Konrad Kothmann and Arun Mirchia. Like Global and Med Pro, Redstone is in the business of refurbishing medical-imaging probes and selling refurbished medical-imaging equipment.

Global alleges that, before and continuing after its purchase of Med Pro's assets, Rubenstein, Kothmann, Mirchia, Steiner, and Van Kleeck carried out a plan to steal Global and Med Pro's trade secrets—mainly customer information—and to sabotage Global's ability to conduct business. The plan involved rigging Med Pro's email accounts so that any emails sent to Med Pro or Global by actual or potential customers would be diverted to Redstone; accessing and copying Med Pro and Global's database of customer information; stealing Med Pro and Global's hard drives and other electronic storage devices containing customer information; and otherwise taking actions that were intended to steer actual and potential customers away from Global and to Redstone. Global also alleges that these individuals tampered with Global's computer systems to prevent Global from accessing its customer information. Finally, Global alleges that these individuals copied Med Pro and Global's confidential repair manuals and began offering them for sale. Global alleges a number of causes of action in connection with these events, including among others misappropriation of trade secrets, violation of the Computer Fraud and

---

[1]The complaint alleges that there are two defendants named Redstone Healthcare, LLC. One is an Illinois limited liability company, and the other is a Delaware limited liability company. Rubenstein, in his answer to the first amended complaint, states that he originally formed the Illinois LLC but then transferred the business to the Delaware LLC, which is the only active LLC. In this opinion, I will focus on the Delaware LLC and refer to that entity as "Redstone."

2

Abuse Act, 18 U.S.C. § 1030, and violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2511.

Redstone has moved to be dismissed from this case on the ground that the allegations of the amended complaint do not indicate that any of the individual defendants were acting as its agents at the time they committed their allegedly unlawful acts. Redstone argues that the amended complaint "does not affirmatively allege facts which, taken as true, show that any of the allegedly wrongful actions committed by [Rubenstein, Kothmann, and Mirchia] were undertaken on behalf of [Redstone] and not in their individual capacities." Redstone Br. at 1–2.

It is true that the amended complaint does not expressly allege that Rubenstein, Kothmann, and Mirchia were acting as agents of Redstone when they conspired to steal Global's customer information and other trade secrets and use them for the benefit of Redstone. But an agency relationship is clearly implied and can be readily inferred from the complaint's other allegations. The amended complaint alleges that Rubenstein, Kothmann, and Mirchia are "owners, principals, and/or partners" in Redstone. Am. Compl. ¶ 11. Because Redstone is a limited liability company, the complaint may reasonably be construed to mean that these individuals are "members" of Redstone, which is the term used to describe the owners of an LLC. Under Delaware law, a member of an LLC is generally considered to be an agent of the LLC with actual authority to bind the LLC. See Del. Code Ann. tit. vi, § 18-402. Although it is possible that the LLC agreement for Redstone provides that Rubenstein, Kothmann, and Mirchia have no authority to bind the LLC, see id., no allegations of the amended complaint suggest that Rubenstein and the other owners of Redstone are passive investors with no day-to-day involvement in the

3

operation of Redstone's business.  To the contrary, the complaint alleges that they took actions intended to benefit Redstone, such as conspiring to divert Global's customers, Am. Compl. ¶¶ 24–27, and offering Global's repair manual for sale, id. ¶ 29.  Thus, one may reasonably infer from the allegations of the amended complaint that Rubenstein and the others are officers or employees of Redstone rather than merely passive owners, and that they took the actions described in the complaint in their capacities as agents of Redstone.  Those actions would therefore subject Redstone to tort liability.  See, e.g., Restatement (Third) Agency § 7.03(1)(a).  Accordingly, I conclude that the first amended complaint states a claim against Redstone.

For the reasons stated, **IT IS ORDERED** that Redstone's motion to dismiss the first amended complaint is **DENIED**.

Dated at Milwaukee, Wisconsin, this 1st day of June 2015.

s/ Lynn Adelman

_____

LYNN ADELMAN
District Judge

4

Case 2:14-cv-00635-LA   Filed 06/01/15   Page 4 of 4   Document 72