# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**GLOBAL IMAGING ACQUISITIONS GROUP, LLC,**
        Plaintiff,

v.

Case No. 14-C-0635

**KEITH RUBENSTEIN, et al.,**
        Defendants.

## DECISION AND ORDER

Before me now is a motion to dismiss filed by two of the defendants in this case, Konrad Kothmann and Arun Mirchia. The motion is filed under Federal Rule of Civil Procedure 12(b)(6). For purposes of deciding the motion, I accept the allegations of the amended complaint as true and draw all possible inferences in the plaintiff's favor. See, e.g., Foxxxy Ladyz Adult World, Inc. v. Vill. of Dix. Ill., 779 F.3d 706, 711 (7th Cir. 2015).

According to the complaint, in April 2014, the plaintiff, Global Imaging Acquisition Group, LLC ("Global"), purchased the assets of two entities that I will refer to collectively as "Med Pro," while Med Pro was in receivership. Global is, and Med Pro was, in the business of repairing and refurbishing probes used in medical-imaging equipment, mainly ultrasound machines, and selling refurbished medical-imaging equipment. One of the defendants, Keith Rubenstein, was a 50% owner of Med Pro and an employee of the company. Two other defendants, Maxwell Steiner and Jonathan Van Kleeck, were also Med Pro employees.

After leaving Med Pro, Rubenstein became part owner of a competing company, Redstone Healthcare. The complaint alleges that Kothmann and Mirchia are also "owners,

principals, and/or partners" of Redstone. First Am. Compl. ¶ 11.[1] Like Global and Med Pro, Redstone is in the business of refurbishing medical-imaging probes and selling refurbished medical-imaging equipment.

Global alleges that, before and continuing after its purchase of Med Pro's assets, Rubenstein, Kothmann, Mirchia, Steiner, and Van Kleeck carried out a plan to steal Global and Med Pro's trade secrets—mainly customer information—and to sabotage Global's ability to conduct business. The plan involved rigging Med Pro's email accounts so that any emails sent to Med Pro or Global by actual or potential customers would be diverted to Redstone; accessing and copying Med Pro and Global's database of customer information; stealing Med Pro and Global's hard drives and other electronic storage devices containing customer information; and otherwise taking actions that were intended to steer actual and potential customers away from Global and to Redstone. Global also alleges that these individuals tampered with Global's computer systems to prevent Global from accessing its customer information. Global also alleges that these individuals copied Med Pro and Global's confidential repair manuals and began either offering them for sale or using them to perform repairs for Global's customers. Finally, Global alleges that Kothmann and Mirchia interfered with its customer contracts and a non-compete

---

[1] Kothmann and Mirchia have filed declarations with their motion to dismiss in which they claim that they are not, in fact, owners, principals, or partners of Redstone. See ECF Nos. 78-1 and 78-2. However, on a motion filed under Federal Rule of Civil Procedure 12(b)(6), I cannot consider matters outside the pleadings without treating the motion as one for summary judgment. See Fed. R. Civ. P. 12(d); Rutherford v. Judge & Dolph, Ltd., 707 F.3d 710, 713–14 (7th Cir. 2013). No party has asked me to convert the motion to one for summary judgment, and I am not inclined to do so sua sponte. Thus, for purposes of this motion, I will disregard the declarations and accept as true the complaint's allegation that Kothmann and Mirchia are owners, principals, and/or partners of Redstone.

2

agreement between it and Rubenstein. Global alleges a number of causes of action in connection with these events: misappropriation of trade secrets, violation of the Computer Fraud and Abuse Act (and the Wisconsin equivalent), conversion, theft, interference with contract, and conspiracy to injure business.

In moving to dismiss the claims against them for failure to state a claim, Kothmann and Mirchia seem to think that the Federal Rules of Civil Procedure required Global to include in the complaint every fact and legal conclusion that is necessary to prevail on its various claims. For example, Kothmann and Mirchia argue that Global's claims must be dismissed because the complaint does not allege that Kothmann and Mirchia "owed any legal duty" to Global, Br. in Supp. at 4, ECF No. 78, because it does not allege "all the elements" of certain claims, id. at 8, and because it does not "specif[y] the provisions" of the statutes that the defendants are alleged to have violated, id. at 5. However, the Federal Rules of Civil Procedure do not require a plaintiff to include this information in a complaint. As the Seventh Circuit has stated:

> Pleadings in federal court need not allege facts corresponding to each "element" of a statute. It is enough to state a claim for relief—and Federal Rule of Civil Procedure 8 departs from the old code-pleading practice by enabling plaintiffs to dispense with the need to identify, and plead specifically to, each ingredient of a sound legal theory. Plaintiffs need not plead facts; they need not plead law; they plead claims for relief. Usually they need do no more than narrate a grievance simply and directly, so that the defendant knows what he has been accused of. . . . Any district judge (for that matter, any defendant) tempted to write "this complaint is deficient because it does not contain . . ." should stop and think: What rule of law requires a complaint to contain that allegation? . . . .
>
> Complaints initiate the litigation but need not cover everything necessary for the plaintiff to win; factual details and legal arguments come later.

Doe v. Smith, 429 F.3d 706, 708 (7th Cir. 2005) (internal citations omitted). It is true that the above passage predates Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). But more recent cases make clear that Iqbal and Twombly did not reinstate code pleading and do not require plaintiffs to plead legal theories or recite all the elements of a claim for relief. Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago, 786 F.3d 510, 517 (7th Cir. 2015); Hatmaker v. Memorial Medical Center, 619 F.3d 741, 743 (7th Cir. 2010); Burks v. Raemisch, 555 F.3d 592, 594 (7th Cir. 2009). All that Iqbal and Twombly did was make clear that the complaint must contain enough detail to show that the plaintiff's claim is plausible. Runnion, 786 F.3d at 517.

Here, Global's complaint "narrate[s] a grievance simply and directly, so that [Kothmann and Mirchia] know[] what [they have] been accused of." Doe, 429 F.3d at 708. The principal grievance is that Kothmann and Mirchia entered into a conspiracy with Rubenstein, Steiner, and Van Kleeck to hack into Med Pro and Global's computer system, rig the computers such that all customer emails were diverted to Redstone, change the passwords so that Med Pro and Global could not access their own customer information, steal Med Pro and Global's hard drives and other electronic storage devices containing trade secrets, and copy Global's confidential repair manuals and use them to steal Global's customers. First Am. Compl. ¶¶ 19, 22–29. A related grievance is that Kothmann and Mirchia intentionally interfered with Global's non-compete agreement with Rubenstein by partnering with Rubenstein to form Redstone, a company the competes directly with Global. Id. ¶¶ 11, 27, 55–57.

None of the above allegations qualify as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 556 U.S. at 678.

4

Rather, they are concrete factual allegations.  Moreover, those factual allegations give rise to a plausible claims for relief against Kothmann and Mirchia.  As noted, most of the claims against Kothmann and Mirchia depend on proving that they conspired with Rubenstein and others to perform certain wrongful acts, including misappropriation of trade secrets, computer fraud and abuse, theft and conversion, and interference with contract.  In pleading a conspiracy, a plaintiff must plead sufficient facts to make the existence of the conspiracy plausible. Geinosky v. City of Chicago, 675 F.3d 743, 749 (7th Cir. 2012); Redd v. Nolan, 663 F.3d 287, 292 (7th Cir. 2011).  Here, that requirement is satisfied: As principals of Redstone, Kothmann and Mirchia likely knew what Rubenstein was up to with Steiner and Van Kleeck and stood to benefit economically from their plan to steal Global's customer information and repair manuals.  Indeed, it is plausible to think that Kothmann and Mirchia decided to form a company with Rubenstein precisely because he was in a position to steal Global's customers and thereby establish an immediate revenue stream for Redstone.  Thus, it is plausible to infer that Kothmann and Mirchia knew about the plan and intentionally encouraged Rubenstein and the others to carry it out.  If the plaintiff is able to prove these facts at trial, Kothmann and Mirchia would be liable as co-conspirators. See Wis. Jury Instructions–Civil § 2802 (2003) ("[I]f a defendant, or any other person, with understanding of the unlawful character of a plan, intentionally encourages, advises, or assists, for the purpose of furthering the plan, he or she thereby becomes a knowing participant—a conspirator.").

Kothmann and Mirchia point out that the complaint does not allege that they personally misappropriated a trade secret, hacked into Global's computers, or stole one of Global's hard drives.  But a member of a conspiracy is liable for torts committed by other

Case 2:14-cv-00635-LA   Filed 09/24/15   Page 5 of 8   Document 84

members in the course of the conspiracy. See, e.g., Jones v. City of Chicago, 856 F.2d 985, 992 (7th Cir. 1988) ("the function of conspiracy doctrine is merely to yoke particular individuals to the specific torts charged in the complaint"); Hostrop v. Bd. of Jr. College Dist. No. 515, 523 F.2d 569, 576 (7th Cir. 1975) ("The doctrine of civil conspiracy extends liability for a tort . . . to persons other than the actual wrongdoer."). Here, the complaint alleges that Rubenstein, Steiner, and Van Kleeck committed torts in furtherance of a conspiracy of which Kothmann and Mirchia were members. Thus, the complaint states claims for relief against Kothmann and Mirchia in connection with those torts, even if it does not allege that Kothmann and Mirchia were the ones who committed them.

In addition to alleging that Kothmann and Mirchia are liable as civil conspirators, the complaint alleges that they were part of a conspiracy to cause injury to Global's business, in violation of Wisconsin Statute § 134.01. In relevant part, § 134.01 states: "Any 2 or more persons who shall combine, associate, agree, mutually undertake or concert together for the purpose of willfully or maliciously injuring another in his or her reputation, trade, business or profession by any means whatever . . . shall be punished by imprisonment in the county jail not more than one year or by fine not exceeding $500." The statute is a criminal statute, but Wisconsin courts have found an implied private right of action for victims of such conspiracies. Radue v. Dill, 74 Wis.2d 239, 245 (1976).

To succeed on a claim under § 134.01, a plaintiff must prove that the defendants acted with malice. Virnich v. Vorwald, 664 F.3d 206, 213–14 (7th Cir. 2011). Malice, for purposes of § 134.01, means "doing a harm malevolently for the sake of the harm as an end in itself, and not merely as a means to some further end legitimately desired such as hurting someone else's business by competition." Id. at 213 (internal quotation marks,

6

alterations, and citation omitted). "In short, an irrational desire to cause harm for the sake of harm is actionable under § 134.01. A rational desire to cause harm for the sake of competitive advantage is not." Id. at 213–14.

In the present case, Kothmann and Mirchia contend that Global has pleaded itself out of court on any claim under § 134.01 by alleging that their participation in the conspiracy was for the purpose of economic gain rather than for the purpose of causing harm for harm's sake. See Doe, 429 F.3d at 708 (noting that under notice-pleading standards, "litigants may plead themselves out of court by alleging facts that defeat recovery"). And indeed, Global has alleged that Kothmann and Mirchia's participation in the conspiracy was "motivated" by "economic benefit." First Am. Compl. ¶ 27. But the complaint also alleges that Kothmann and Mirchia's participation in the conspiracy went beyond what was necessary for economic gain. It alleges that Kothmann and Mirchia not only wanted to profit from the theft of Global's trade secrets but also wanted to prevent Global from being able to do business. Id. ¶ 28. They thus encouraged Rubenstein, Steiner, and Van Kleeck to not only copy Global's trade secrets, but also to destroy Global's property, delete data from its computer systems, and change the passwords for accessing the computers so that Global would be unable to access its own information. Id. To be sure, preventing Global from doing business could have been motivated by a rational desire to make it easier for Redstone to steal Global's customers. But it is also plausible to think that the purpose was to cause harm for harm's sake. Perhaps the inference that Kothmann and Mirchia's participation in the conspiracy was malicious is only barely plausible. However, Federal Rule of Civil Procedure 9(b) provides that "[m]alice . . . may be alleged generally," and thus the complaint does not have to give rise to a strong

inference that Kothmann and Mirchia acted maliciously. Accordingly, I will not dismiss the § 134.01 claim against them.

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that Kothmann and Mirchia's motion to dismiss the first amended complaint is **DENIED**.

Dated at Milwaukee, Wisconsin, this 24th day of September 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge